IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL COX, *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 5:23-cv-00187 |
| MIDLAND FUNDING LLC, *Defendant*. | § § § | |

## NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Midland Funding LLC ("Defendant") hereby removes this action from Justice Court, Precinct 2, of Guadalupe County, TX, to the United States District Court for the Western District of Texas, and as grounds for removal state as follows:

### I.    STATE COURT ACTION

1. On January 10, 2023, Michael Cox ("Plaintiff") filed his Complaint (the "Petition") in the Justice Court, Precinct 2, of Guadalupe County, Texas, styled *Michael Cox v. Midland Funding LLC*, Cause No. JSC2-1503 (the "State Court Action").

2. Plaintiff alleges that Defendant violated Section 392.304(19) of the Texas Finance Code and the Fair Debt Collection Practices Act ("FDCPA") by allegedly using deceptive means, to collect or attempt to collect a debt and by failing to send "the required Validation Notice." *See* Pet. ¶¶ 1–4.

3. Defendant removes the State Court Action to this Court on the basis of federal question jurisdiction, as more fully described below.

## II.  PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court because the State Court Action is pending within this district. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(d)(4).

5. This removal is timely. Defendant is removing this case within thirty days of being properly served or otherwise appearing in the State Court Action. 28 U.S.C. § 1446(b).

6. The United States District Court for the Western District of Texas, has original jurisdiction over this action based on federal question jurisdiction because the Petition asserts claims arising under federal law. *See* 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claim because it so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367.

7. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the Petition and Defendant's Original Answer from the State Court Action. Defendant will supplement the file from the State Court Action as may be necessary.

8. Pursuant to 28 U.S.C. § 1446(d), Defendant is simultaneously with the filing of this Notice of Removal (1) serving Plaintiff with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the Justice Court, Precinct 2, of Guadalupe County, TX. A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[1]

## III.  FEDERAL QUESTION

9. The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See* 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court

---

[1] Defendant has not included Exhibit 1 to the state court removal notice in Exhibit B because Exhibit 1 is a copy of the notice of removal filed in this court.

originally. *See* 28 U.S.C. § 1441; *see Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, (2003). A claim "arises under" federal law when either (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)).

10. Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441, as it arises under the laws of the United States. Specifically, Plaintiff alleges that Defendant violated the FDCPA. *See* Pet. ¶¶ 2-4. The FDCPA expressly grants this Court original jurisdiction to hear such claims. *See* 15 U.S.C. §§ 1681p, 1692k(d). Thus, Plaintiff alleges a violation of federal law and his right to relief will necessarily depend upon the resolution of federal law. Accordingly, this Court has federal question jurisdiction.

### IV.    SUPPLEMENTAL JURISDICTION

11. This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

12. It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of*

*Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)). This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id.* at 806. Here, Plaintiff's state law claim share the same nucleus of operative facts with any federal claims under the FDCPA. *See generally* Petition. Therefore, supplemental jurisdiction exists over Plaintiff's state law claim.

## V.   PRAYER

WHEREFORE, Defendant removes this action from the Justice Court, Precinct 2, of Guadalupe County, Texas, to the United States District Court for the Western District of Texas, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

*/s/ Daniel Durell*
Daniel Durell
Texas Bar No. 24078450
daniel.durell@lockelord.com
Christopher G. Garcia
Texas Bar No. 24120840
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, Texas 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800

**Attorneys for Defendant**
**Midland Funding LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 13th day of February, 2023, a true and correct copy of the foregoing was sent via email and certified mail to all parties of record, and as indicated below:

**Via Email & Certified Mail, Return Receipt Requested**
**No. 9214 7969 0099 9790 1646 3338 28**
Michael Cox
2201 FM 1339
Kingsbury, Texas 78638
mcox.phoenix@gmail.com
***Plaintiff (Pro Se)***

                                                */s/ Christopher G. Garcia*
                                                Counsel for Defendant

131788723v.2 1008643/00157